UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALSH TRUCKING, INC., a Florida corporation

        Plaintiff,

v.                                          Case No:   2:16-cv-398-FtM-99CM

ENOBLE, INC. and JEFFREY S. ROSE,

        Defendants.
_____/

**ORDER**[1]

This matter comes before the Court on Defendants Enoble, Inc. and Jeffrey S. Rose's Motion to Dismiss (Doc. #4) filed on May 31, 2016.  Plaintiff Walsh Trucking, Inc. filed a Response to Defendant's Motion (Doc. #12) on June 13, 2016.  Thus, Defendant's motion is ripe for review.

**BACKGROUND**

This tortious interference suit derives from a Factoring and Security Agreement ("Agreement") dated October 28, 2013, entered into by Plaintiff and Defendant Enoble.[2] (Doc. #2).  The Agreement sets forth the terms under which Defendant Enoble factored accounts for Plaintiff, and in return, Plaintiff repaid it via collection of accounts receivable

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] When the parties executed the Factoring and Security Agreement, Defendant Enoble was known as National Bankers Trust Corporation.  (Doc. #2 at ¶ 2).

involving Plaintiff's customers. (Doc. #2). Among its terms, the Agreement requires that any dispute arising from the Agreement be brought in Shelby County, Tennessee. (Doc. #1-1). This forum selection clause states:

> [t]his Agreement shall be governed by the laws of the State of Tennessee. The parties agree that jurisdiction for any dispute arising from the Agreement and any modifications thereto, shall be in any court of competent jurisdiction in Shelby County, Tennessee. Client agrees to waive any rights to a trial by jury.

(Doc. #1-1 at 7; Doc. #2-1 at ¶ 14).

The parties' business relationship soured when Defendant Enoble changed management in December 2015. Because of that change, Defendant Jeffrey Rose, Enoble's president/chief executive officer, allegedly ceased advancing funds to Plaintiff and failed to credit payments Plaintiff made. (Doc. #2 at 4). Consequently, Plaintiff initiated this suit in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, alleging that Defendants tortuously interfered with its contracts and business relationships with third parties. (Doc. #2 at 4). In response, Defendants removed the case to this Court, citing diversity jurisdiction as the basis for removal. (Doc. #1). Before Plaintiff filed the instant suit, however, Defendant Enoble filed its own suit against Plaintiff in Chancery County of Shelby County, Tennessee (hereinafter the "Tennessee Action").[3]

## DISCUSSION

Defendants now move to dismiss the Complaint for improper venue, arguing that the Agreement's forum selection clause requires this suit to be filed in Shelby County,

---

[3] The Tennessee Action is styled as *Enoble, Inc. f/k/a/ National Bankers Trust Corp. v. Walsh Trucking Inc., Zurla Transp., LLC, et al*, No. CH-16-0091 Part 3 (Jan. 21, 2016). (Doc. #4-1).

Tennessee.[4] (Doc. #4).  Plaintiff argues, however, that the forum selection clause is inapplicable because Defendants' misconduct does not arise from the Agreement and is "a separate and independent tort." (Doc. #12 at 2). For the following reasons, the Court agrees with Defendant.

There is no doubt that Plaintiff's tortious interference claim arises from the Agreement. Throughout the Complaint, Plaintiff points to Defendants' failure to adhere to the Agreement to support its claim. For example, Plaintiff alleges that Defendants committed tortious interference when they "[c]eased advancing operating funds for Plaintiff as had been done in the past which caused Plaintiff severe cash flow problems and damaged Plaintiff's business" (Doc. #2 at 4). The Agreement governs this conduct, providing that "[Enoble] may advance to [Plaintiff] at the time of purchase, an amount equal to the Advance Rate times the face amount of the invoice . . . [Enoble] may at its discretion reduce the advance rate on any invoice for items it believes may not be paid by [Plaintiff.]" (Doc. #2-1 at 2). Other allegations in the Complaint explicitly refer to the Agreement, *e.g.*, "[Defendants f]ailed to properly credit payments made by Plaintiff or Plaintiff's customers *in accordance with the Factoring and Security Agreement*." (Doc. #2 at 4) (emphasis added). These allegations illustrate that Plaintiff's claim arises from the Agreement, and thus the forum selection clause governs. *See Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987) (holding that "arising from" language

---

[4] The Supreme Court has recently concluded that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013). At first blush, the parties' reliance on Rule 12(b)(3) of the Federal Rules of Civil Procedure to dismiss this case is misplaced. However, because the parties have adequately briefed the issue, the Court may still proceed with its analysis. *See PNC Bank N.A. v. Akshar Petroleum Inc.*, No. 3:13-cv-436-J-34PDB, 2014 WL 1230689, at *3 (M.D. Fla. Mar. 25, 2014) ("Despite their reliance on the incorrect procedural mechanism, the parties have amply briefed the relevant issues concerning the construction of the forum-selection clauses and whether the Court should dismiss this action based on those clauses.").

"includes all causes of action arising directly or indirectly from the business relationship evidenced by the contract").

Because Plaintiff's claim is subject to the Agreement's forum selection clause, the Court must next decide whether this clause is valid.  Generally, "[f]orum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances."  *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009).  "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.  *Id.* (citations omitted).

Here, Plaintiff does not challenge the validity of the forum selection clause.  Instead, it challenges the clause as inapplicable to its tortious inference claim.  As support, Plaintiff relies on *Eli Research, LLC v. Must Have Info Inc.*, No. 2:13-cv-695, 2014 WL 4540110, at *1 (M.D. Fla. Sept. 11, 2014).  Plaintiff's reliance is misplaced because *Eli Research* addressed a motion to dismiss for failure to state a claim, and not a motion to dismiss for *forum non conveniens*/improper venue.  In *Eli Research*, the undersigned examined whether the plaintiff properly pleaded its claims by determining what state law governed the parties' relationship and agreement.  That is a non-issue here, because Tennessee law governs this case.  In addition, the forum selection clause provides the exact forum where any dispute arising out of the Agreement must be brought.

In conclusion, because the forum selection clause is valid, the Court grants Defendant's motion to dismiss this case.

Accordingly, it is now

**ORDERED:**

1. Defendants Enoble, Inc. and Jeffrey S. Rose's Motion to Dismiss (Doc. #4) is **GRANTED.**

2. The Clerk of the Court is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of July, 2016.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record